IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMMIE O. BROWN                                                                                         PLAINTIFF

vs.                                            Civil No. 4:06-cv-04119

MICHAEL J. ASTRUE[1]                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Sammie Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 3).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed the present application for SSI on July 29, 2003. (Tr. 53). Plaintiff previously filed applications for SSI on March 1, 1999 and March 17, 2003. (Tr. 12). These

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

applications were previously denied and are not before this Court; instead, only the July 29, 2003 application is before this Court. *See id.* In his July 29, 2003 application, Plaintiff alleged he was disable due to a disc injury in his lower back. (Tr. 59). Specifically, Plaintiff alleged the following: "[his] right leg goes weak and pain runs down it and [his] back hurts all the time." *See id.* In his application, Plaintiff also alleged a disability onset date of January 1, 1998. *See id.*

This application was initially denied on October 9, 2003 and was denied again on reconsideration on February 4, 2004. (Tr. 22-29). Plaintiff requested an administrative hearing which was held on October 13, 2004 in Texarkana, Arkansas. (Tr. 372-390). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff and Plaintiff's mother (Georgia Berry) testified at this hearing. *See id.* Although present at the hearing, the Vocational Expert ("VE") Ken Waits did not testify.[3] (Tr. 12). At the time of this hearing, Plaintiff was thirty (30) years-old and had completed the eleventh grade in school. (Tr. 377-379).

On December 13, 2004, the ALJ entered an unfavorable decision and denied Plaintiff's request for SSI. (Tr. 12-20). The ALJ determined that Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 19, Finding 1). The ALJ determined Plaintiff suffered from degenerative disc disease, which the ALJ found to be a "medically determinable impairment." (Tr. 19, Finding 2). The ALJ also determined, however, that Plaintiff did not have any impairment or a combination of impairments that significantly limited his ability to perform basic work-related activities and, therefore, did not suffer from a "severe" impairment. (Tr. 19, Finding 3). Based upon this finding, the ALJ determined that Plaintiff was not under a disability as defined by the Act during the relevant time period. (Tr. 20, Finding 4). In reaching this

---

[3] Ken Wait's "Resume of Experience and Background" is included in the transcript at Pages 47-48.

conclusion, the ALJ did not evaluate Plaintiff's RFC, did not address Plaintiff's Past Relevant Work ("PRW"), if any, and did not determine whether Plaintiff would be able to perform other work that exists in significant numbers in the national economy.

On November 9, 2006, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 5-7). On December 21, 2006, Plaintiff filed the present appeal. (Doc. No. 1). The case was referred to the undersigned on February 20, 2007. Both Plaintiff and Defendant have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

### 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal raising the following three points of error: (1) the ALJ's finding that Plaintiff does not have a severe impairment is not supported by substantial evidence in

the record; (2) the ALJ's finding that Plaintiff was not under a disability during the relevant time period is not supported by substantial evidence in the record; and (3) the ALJ's failure to question the vocational expert was in error. (Doc. No. 7, Pages 1-5). Because the ALJ's decision did not go beyond Step Two of the Analysis and because this Court finds the ALJ erred in his Step Two determination, this Court will only address Plaintiff's first argument.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment when the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). As noted by the Eight Circuit, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should be considered severe when that diagnosis is supported by sufficient medical evidence); *see also Miller v. Astrue,* No. 05-4409, 2007 WL 1452966, at *1 (8th Cir. May 18, 2007).

In the present action, Plaintiff's medical records indicate that he suffered from prolonged back pain during the relevant time period.[4] As early as September 23, 1998, he was treated at the Texarkana Spinal Rehabilitation Center for back and neck pain after he was involved in a motor

---

[4] The relevant time period is from the date of Plaintiff's application to the date of the ALJ's decision. *See Cruse v. Bowen,* 867 F.2d 1183, 1185 (8th Cir. 1989).

vehicle accident. (Tr. 151-157). Thereafter, on November 2, 1998, he was diagnosed with degenerative disc disease, and throughout 1999, he continued to be treated for lower back pain. (Tr. 120-123, 158). In 2002, Plaintiff was admitted to the emergency room at the Wadley Regional Medical Center on four different occasions–April 30, 2002, June 10, 2003, July 3, 2002, and July 9, 2002– primarily for treatment of his back pain. (Tr. 124-150, 173-176). On January 16, 2003, Plaintiff was involved in another motor vehicle accident and was admitted for treatment of his pain in his head, face, neck, back, and leg. (Tr. 142-150). On February 12, 2003, Plaintiff was again admitted to the emergency room and was treated for lower back pain. (Tr. 173-176). The admitting physician noted that Plaintiff had been treated for "chronic [back pain] since 1999." (Tr. 176).

On April 5, 2003, Dr. Jeffrey T. Dehaan examined Plaintiff for his lower back pain. (Tr. 181). Dr. Dehaan noted that Plaintiff "does have some L3/L4 and L4/L5 degenerative disc problems and it does look like, on the left side, he has some possible lateral recessed stenosis at L3/L4." *See id.* Dr. Dehaan also noted, "the fact that he has so much back pain . . . precludes me from doing him much good with decompression type surgery." *See id.* On June 15, 2004, a few months before the ALJ's disability determination, Dr. Dehaan also wrote a "To Whom It May Concern" letter referencing Plaintiff's back problems and indicating that Plaintiff's motor vehicle accidents have significantly compounded the problems Plaintiff has had with his back. (Tr. 210).

Plaintiff was treated for back pain on many different occasions from 1998 until the date of the ALJ's decision and was diagnosed with severe back problems, including degenerative disc disease. (Tr. 158, 210). The medical records indicate that Plaintiff's back pain originated as a result of his two motor vehicle accidents and continued to affect him in his ability to work up until only a few months prior to the ALJ's disability determination. (Tr. 142, 153, 210). These medical records clearly establish that Plaintiff meets the Eighth Circuit's low or *de minimis* standard for

determining a severe impairment.  *See Nicola,* 480 F.3d at 887.  On remand, the ALJ should reevaluate the evidence in the record and perform an adequate analysis at Steps Three, Four, and, if necessary, Five.[5]

### 4. Conclusion:

Based upon the foregoing, the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and must be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **26th day of October, 2007.**

/s/  Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge

---

[5] This includes a full *Polaski* analysis.  In the present action, the ALJ did not perform a full *Polaski* analysis.  (Tr. 12-20).