IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMMIE O. BROWN                                                                                      PLAINTIFF

vs.                                               Civil No. 4:06-CV-04119

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 11).[1] Defendant has responded to this motion and objects to the number of hours Plaintiff's attorney claims were expended representing Plaintiff before the Court. (Doc. No. 12). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 3). Pursuant to this authority, the Court issues this Order.

**1. Background:**

Sammie O. Brown ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for Supplemental Security Income ("SSI"). (Doc. No. 1). On October 26, 2007, this Court reversed and remanded Plaintiff's case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 10). On October 30, 2007, Plaintiff's attorney requested fees under the EAJA. (Doc. No. 11). Plaintiff's attorney has requested an award of $1,330.00, representing 9.5 hours of work at an hourly rate of $140.00. *See id.* Defendant

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

responded to this application on November 13, 2007. (Doc. No. 12). In this response, Defendant objects to the numbers of hours claimed by Plaintiff's attorney as being excessive. *See id.* Defendant claims that Plaintiff's attorney is only entitled to a total fee award of $1,134.00, representing 8.1 hours of work at a rate of $140.00 per hour. *See id.*

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section

>>406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 10). Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose Plaintiff's attorney's application for fees under the EAJA, and does not object to the hourly rate requested. (Doc. No. 12). This Court construes this lack of opposition to Plaintiff attorney's application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff's attorney requests an award under the EAJA at the rate of $140.00 per hour for the 9.5 hours which he asserts were devoted to the representation of Plaintiff in this Court. (Doc.

3

No. 11). An enhanced hourly rate is authorized by the EAJA as long as a CPI is submitted, and this CPI demonstrates a cost of living increase. *See Johnson,* 919 F.2d at 504. Plaintiff's attorney has submitted a CPI demonstrating a cost of living increase, and this Court finds that $140.00 is an appropriate hourly rate for the award of attorney's fees in this case. (Doc. No. 11).

Further, I have reviewed counsel's itemization of time appended to his petition. (Doc. No. 11). Plaintiff has requested compensation for a total of 9.5 hours of work. *See id.* In his response, Defendant objected to the number of hours claimed by Plaintiff's attorney as being excessive. (Doc. No. 12). Defendant claims that Plaintiff's attorney is not entitled to compensation for the 1.4 hours of work that were devoted to "clerical" work. *See id.* Specifically, Defendant claims that on December 22, 2006, Plaintiff's attorney listed .6 hours for "Certified Mail Process Receipt and Return of Service of Complaints"; and on January 11, 2007, Plaintiff's attorney listed .5 hours for "Preparation of Affidavit of Completed Service" and .3 hours for "Filing of Affidavit of Completed Service." (Doc. No. 11). Defendant claims that all of this work "could have been performed by support staff and is not compensable under the EAJA." (Doc. No. 12). Defendant claims that Plaintiff is only entitled to compensation for a total of 8.1 hours of work. (Doc. No. 12).

Defendant is correct in his claim that work which could have been performed by support staff is not compensable under the EAJA. *See Granville House, Inc. v. Dept. of Health, Education, and Welfare,* 813 F.2d 881, 884 (8th Cir. 1987). In the present action, these work descriptions listed above are fairly unclear, and it is difficult to determine whether this work should have been performed by a professional attorney or by support staff. Apparently, Defendant is now of the opinion that this work can only be performed by support staff. I find this

4

a curious position for Defendant to take in this case, especially since Defendant chose not to object to Plaintiff's attorney's request *for the exact same fees* in a similar action filed shortly after the present case. *See Jackson v. Social Security Commissioner,* Case # 4:07-CV-04008. Defendant now suggests that such work can only be performed by support staff. Plaintiff's counsel has represented that the claimed work was performed by him as attorney for the Plaintiff in this case. There is nothing before the Court suggesting that Plaintiff's Counsel did not perform the work claimed, accordingly, this Court finds Defendant's current objection to be without merit.

### 4. Conclusion:

Based upon the forgoing, the Court awards Plaintiff's attorney **$1,330.00** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. This total represents a fee of $140.00 per hour for 9.5 hours of work.

ENTERED this 21st d**ay of November, 2007.**

                                    /s/   Barry A. Bryant
                                    HON. BARRY A. BRYANT
                                    U.S. MAGISTRATE JUDGE